JS 44 (Rev. 07/16)  PD  **CIVIL COVER SHEET**  17-cv-2169

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Frank Rodriguez Rosario

**DEFENDANTS**
Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections, John Doe #1, John Doe #2, and PrimeCare Medical, Inc.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric F. Spade, Esquire
One South Broad Street, Suite 1830, Philadelphia, PA 19107
215-772-0600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Violation of Section 1983 (Right to Medical Care), Negligence - Medical Malpractice, Corporate Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: May 11, 2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE



**UNITED STATES DISTRICT COURT**

17 2169

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1646 EAST LYCOMING STREET, PHILADELPHIA, PA 19124

Address of Defendant: 1730 SOUTH EASTON ROAD, DOYLESTOWN, PA 18901

Place of Accident, Incident or Transaction: 1730 SOUTH EASTON ROAD, DOYLESTOWN, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ERIC F. SPADE, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/11/2017   _____ Attorney-at-Law   90328 Attorney I.D.#

MAY 11 2017

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/11/2017   _____ Attorney-at-Law   90328 Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

FRANK RODRIGUEZ ROSARIO : CIVIL ACTION
PLAINTIFF :
v. : 17  2169
BUCKS COUNTY CORRECTIONAL :
FACIILITY, ET AL. DEFENDANTS : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

5/11/2017               Eric F. Spade
Date    Attorney-at-law    Attorney for

215-772-0600   215-772-0601   ESPADE@GMAIL.COM
Telephone    FAX Number    E-Mail Address

(Civ. 660) 10/02

MAY 11 2017



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK RODRIGUEZ ROSARIO,<br>1646 East Lycoming Street<br>Philadelphia, PA 19124,<br><br>Plaintiff,<br><br>v.<br><br>BUCKS COUNTY CORRECTIONAL,<br>FACILITY aka BUCKS COUNTY aka<br>THE BUCKS COUNTY DEPARTMENT,<br>OF CORRECTIONS,<br>1730 South Easton Road<br>Doylestown, PA 18901, and<br><br>JOHN DOE #1,<br>Individually and as an Employee of<br>PRIMECARE MEDICAL, INC.,<br>3940 Locust Lane,<br>Harrisburg, PA 17109, and,<br><br>JOHN DOE #2,<br>Individually and as a Correctional<br>Officer at the,<br>BUCKS COUNTY CORRECTIONAL,<br>FACILITY,<br>1730 South Easton Road,<br>Doylestown, PA 18901, and,<br><br>PRIMECARE MEDICAL, INC.,<br>3940 Locust Lane<br>Harrisburg, PA 17109,<br><br>Defendants. | 17  2169<br><br>FILED<br>MAY 11 2017<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk<br><br><br>CIVIL ACTION NO. |

## COMPLAINT

Plaintiff Frank Rodriguez Rosario, by and through his attorney, Eric F. Spade, Esquire, does hereby file this Complaint and avers the following:

## I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1332 and 1343(1), (3), (4) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction over state law claims based on supplemental jurisdiction is proper under 28 U.S.C. § 1367.

4. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

## II. VENUE

5. All the claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Accordingly, venue is proper under 28 U.S.C. § 1391(b) and (c).

## III. PARTIES

6. Plaintiff Frank Rodriguez Rosario is an adult individual citizen of the Commonwealth of Pennsylvania and resident of Philadelphia County, Pennsylvania.

7. Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections, is a Pennsylvania criminal justice agency funded and operated by the executive branch of Bucks County, Pennsylvania, with its principal place of business located at 1730 South Easton Road, Doylestown, Pennsylvania.

8. Defendant John Doe #1 was at all times relevant to this Complaint,

employed as a dentist by PCM at Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and was acting under the color of state law. Defendant John Doe #1 is a state actor for purposes of this Complaint. He is being sued in both his individual and official capacities.

9. Defendant John Doe #2 was at all times relevant to this Complaint, employed as a correctional officer at Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and was acting under the color of state law. He is being sued in both his individual and official capacities.

10. Defendant PrimeCare Medical, Inc. ("PCM"), is a Pennsylvania corporation with its principal place of business located at 3940 Locust Lane, Harrisburg, PA 17109.

11. At all times relevant to this Complaint, Defendant PCM contracted with Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections to provide all medical services to inmates/detainees at the Bucks County Correctional Facility. Pursuant to its contract with Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and its activities under said contract, Defendant PCM is a state actor for purposes of this Complaint.

### IV. FACTS

12. During the relevant time periods set forth in this Complaint, Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks

3

County Department of Corrections and PCM employed and supervised Defendants John Doe #1 and John Doe #2.

13. Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and PCM had final authority in deciding the establishment of policies, customs and/or practices that permitted denial of medical care and negligent medical care of inmates of the Bucks County Correctional Facility.

14. Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and PCM had final authority in deciding the establishment of the policies, customs and/or practices of denying standard medical care to inmates of the Bucks County Correctional Facility.

15. It was the policy, custom and practice of Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and PCM to inadequately train and supervise its correctional officers and medical providers, thereby exhibiting deliberate indifference to the constitutional rights of inmates of the Bucks County Correctional Facility.

16. The lack of adequate training and supervision of John Doe #1 and John Doe #2 was so readily apparent that any reasonable policymaker and/or supervisor would have taken appropriate preventative measures.

17. On a permanent and ongoing basis, Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and PCM had acquiesced to and/or consented to a custom of denying standard medical care to inmates of the Bucks County Correctional Facility.

18. During the relevant time periods set forth in this Complaint, Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and PCM maintained policies, customs and/or practices of denying standard medical care to inmates exhibiting deliberate indifference to the constitutional rights of inmates of the Bucks County Correctional Facility, which were the moving force in causing the violation of Plaintiff's civil rights.

19. During the relevant time periods set forth in this Complaint, Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and PCM developed and maintained policies, customs and/or practices exhibiting deliberate indifference to the constitutional rights of inmates of the Bucks County Correctional Facility, which were the moving force in causing the violation of Plaintiff's civil rights.

20. On or about May 22, 2015, Frank Rodriguez Rosario was in the custody of the Bucks County Correctional Facility in Doylestown, Pennsylvania.

21. While in the custody of Bucks County Correctional Facility, Defendants denied Rosario proper medical treatment.

22. On or about May 22, 2015, Defendant John Doe #1, the dentist at the Bucks County Correctional Facility, was attempting to extract a tooth from Rosario.

23. Defendant John Doe #1 broke the tooth, causing nerve damage, and attempted to suture up the partially extracted tooth.

24. Defendant John Doe #1 provided Rosario pain medication.

25. Instead of transferring Rosario to the medical ward, Defendants John Doe #1 and John Doe #2 had Rosario returned to his cell in the general prison population.

26. Defendants were negligent in their follow up care of Plaintiff because they returned Plaintiff to his cell instead of sending him to the prison infirmary where he would have been within sight or hearing of a qualified health care professional.

27. Rosario's mouth continued bleeding, and in the middle of the night he found himself choking on his blood.

28. On May 23, 2015, Rosario attempted to leave his cell block to go eat.

29. In his weakened and medicated state of being, Rosario fainted and fell down a flight of stairs.

30. On May 23, 2015, Rosario was taken to the emergency room at Abington Memorial Hospital, where he was treated for the injuries resulting from his fall.

31. After being treated at the emergency room of Abington Memorial Hospital, Rosario was returned to the medical ward at Bucks County Correctional Facility.

32. Eventually, Rosario was released from the prison infirmary and returned to his cell.

33. Thereafter, Rosario was denied necessary follow up medical care at Bucks County Correctional Facility.

34. Rosario submitted repeated requests for follow up medical care, which he was denied.

35. On or about July 21, 2015, Rosario was taken back to the dentist at Bucks County Correctional Facility—Defendant John Doe #1.

36. On or about July 21, 2015, Defendant John Doe #1 removed the remainder of the broken tooth.

37. As a result of being denied proper medical treatment by Defendants, Rosario sustained permanent injuries to his mouth, back and neck.

38. As a direct and proximate result of the Defendants' actions, Plaintiff Rosario was deprived of his rights, privileges and immunities under the Eighth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from cruel and unusual punishment, and the right to due process of law.

39. The actions and/or inactions of the Defendants violated the constitutional rights of Rosario to be free from cruel and unusual punishment, and the right to due process of law.

40. All actions taken by the Defendants in this case were taken under color of state law.

41. As a direct and proximate result of the actions and/or inactions of the Defendants in this case, Rosario has suffered physical pain, permanent physical injury, anxiety, fear, mental harm, and financial loss.

**COUNT I**
**Violation of 42 U.S.C. § 1983 and 8th and 14th Amendments**
**Against All Defendants**
*Right to Medical Care*

42. Paragraphs 1 through 41 are fully incorporated herein by specific reference as though fully set forth.

43. During the relevant time periods set forth in this Complaint, Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and PCM employed and supervised Defendants John Doe #1 and John Doe #2.

44. Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections failed to properly train and supervise Defendants John Doe #1 and John Doe #2.

45. Pursuant to its contract with Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and its activities under said contract, Defendants PCM and John Doe #1 are state actors for purposes of this Complaint.

46. Plaintiff had an obvious and visible injury to his tooth and bleeding mouth that the Defendant John Doe #1 and John Doe #2 were aware of, and which Plaintiff had reported to the Defendants.

47. Defendants failed to provide medical treatment that was obviously necessary to prevent the permanent injury that Plaintiff sustained.

48. The Due Process Clause of the Fourteenth Amendment of the United States Constitution confers upon citizens of the United States a right to freedom from egregious abuse of governmental power.

49. Violations of substantive due process rights are evidenced by a defendant's reckless and abusive disregard for plaintiff's rights and such conduct

of the defendant that is of a type that "shocks the conscience."

50. Pursuant to 42 U.S.C. Section 1983 and the Eighth and Fourteenth Amendments of the United States Constitution, the Defendants denied Rosario his right to substantive due process by denying Rosario access to standard medical care.

51. Defendants violated Plaintiff's constitutional rights while acting under color of law and a result Plaintiff Rosario suffered damages and injuries.

52. In the actions and conduct of the Defendants John Doe #1 and John Doe #2 made toward the Plaintiff, they exhibited a reckless, callous indifference to his constitutional rights.

53. The intentional actions and conduct of the Defendants John Doe #1 and John Doe #2 caused permanent physical injury to Plaintiff.

WHEREFORE, Plaintiff Frank Rodriguez Rosario demands judgment against the Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections, PrimeCare Medical, Inc., John Doe #1, and John Doe #2 in the amount of all damages, including compensatory damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. Section 1988.

### COUNT II
### Violation of 42 U.S.C. § 1983 and 8th & 14th Amendments
### Against All Defendants
### *Cruel and Unusual Punishment*

54. Paragraphs 1 through 53 are fully incorporated herein by specific reference as though fully set forth.

55. At all relevant times, Defendants were acting under the color of law

of the Commonwealth of Pennsylvania.

56. Pursuant to its contract with Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and its activities under said contract, Defendants PCM and John Doe #1 are state actors for purposes of this Complaint.

57. The Defendants' actions violated Rosario's Eighth Amendment right to be free from cruel and unusual punishment by denying Rosario access to standard medical care.

58. Defendants violated Plaintiff's constitutional rights while acting under color of law and a result Plaintiff Rosario suffered damages and injuries.

WHEREFORE, Plaintiff Frank Rodriguez Rosario demands judgment against the Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections, PrimeCare Medical, Inc., John Doe #1, and John Doe #2 in the amount of all damages, including compensatory damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. Section 1988.

### COUNT III
### Negligence
### Against Defendants John Doe #1, PrimeCare Medical, Inc., and Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections
### *Medical Malpractice*

59. Paragraphs 1 through 58 are fully incorporated herein by specific reference as though fully set forth.

60. Defendant John Doe #1 was negligent in his conduct toward Plaintiff Rosario.

61. At all times relevant to this Complaint, Defendant John Doe #1 was employed as a dentist by PCM at Defendant Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections and was acting under the color of state law.

62. Defendant John Doe #1 is a state actor for purposes of this Complaint and was a Commonwealth dentist.

63. Defendant PCM was negligent in their hiring, training and supervision of Defendant John Doe #1.

64. Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections was negligent in contracting with Defendants PCM and John Doe #1, and effectively employing John Doe #1 as a dentist at Bucks County Correctional Facility.

65. Defendants were negligent in failing to provide timely and adequate medical treatment to Plaintiff Rosario.

66. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent injuries to his mouth, neck and back.

67. Plaintiff in the past and will in the future undergo severe pain and suffering as a direct and proximate result of the Defendants' negligence.

68. As a direct and proximate result of Defendants' negligence, Plaintiff has been and will be obliged to receive and undergo medical attention and care and expend various sums of money and to incur various expenses for the injury he has suffered.

69.  As a direct and proximate result of Defendants' negligence, Plaintiff has and will suffer a loss of earnings and/or impairment of earning capacity or earning power.

**WHEREFORE**, Plaintiff Frank Rodriguez Rosario respectfully demands judgment against the Defendants Bucks County Correctional Facility aka Bucks County aka The Bucks County Department of Corrections, PrimeCare Medical, Inc., and John Doe #1 in an amount in excess of $75,000 together with interest, costs, and such other relief as the Court deems fair and just.

### COUNT IV
### NEGLIGENCE
### AGAINST DEFENDANT PRIMECARE MEDICAL, INC.
### CORPORATE NEGLIGENCE

70.  Plaintiff fully re-alleges and incorporates by specific reference the allegations contained in Paragraph 1 through 69 of this Complaint.

71.  On or about May 21, 2015, Plaintiff was a patient of the Defendant PCM for the purpose of having a tooth extracted.

72.  In the process of extracting the tooth, Defendant John Doe #1 broke the tooth in half.

73.  Defendant John Doe #1 was negligent in the extraction of the tooth.

74.  Defendant PCM was negligent in their care of Plaintiff when their employee dentist broke Plaintiff's tooth on May 21, 2015.

75.  Defendant PCM negligently deviated from the ordinary standard of care when they attempted to extract Plaintiff's tooth and in their follow up care of Plaintiff.

76.  If Defendant PCM had their employee dentist adequately treat

Plaintiff, the Plaintiff would not have suffered a broken tooth and fallen down a flight of stairs.

77. Defendant PCM was negligent in their follow up care of Plaintiff because they returned Plaintiff to his cell instead of sending him to the prison infirmary where he would have been within sight or hearing of a qualified health care professional.

78. Plaintiff sustained severe and permanent injuries as the direct and proximate result of the negligence of Defendant PCM and John Doe #1 on May 21, 2015.

79. Defendant PCM was negligent in the hiring and retention of the dentist who was negligent in their care of Plaintiff.

80. Defendant PCM was negligent in overseeing and/or supervising the dentist who was negligent in their care of Plaintiff.

81. Defendant PCM was negligent in failing to adequately promulgate, enforce and/or publish rules, regulations and/or guidelines when they hired and continued to employ the dentist who was negligent in their care of Plaintiff.

82. Defendant PCM knew the incompetence of the dentist who was negligent in treating Plaintiff.

83. The negligence of the Defendant was and is a factual cause of and/or the sole and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff Frank Rodriguez Rosario respectfully demands judgment against Defendant PrimeCare Medical, Inc., in an amount in excess of $75,000

together with interest, costs, and such other relief as the Court deems fair and just.

                                                    _____
                                                    Eric F. Spade, Esquire
                                                    THE SPADE LAW FIRM, LLC
                                                    One South Broad Street, Suite 1830
                                                    Philadelphia, PA 19107
                                                    (215) 772-0600

                                                    *Counsel for Plaintiff*